UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CATHERINE M. ROBIN** | \* | **CIVIL ACTION** |
| | \* | |
| **versus** | \* | **No. 13-4807** |
| | \* | |
| **CHARTIS PROPERTY CASUALTY CO.** | \* | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is a Motion to Quash and for Protective Order, (Rec. Doc. 23), filed by Defendant Chartis Property Casualty Company ("Chartis"). The Court reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.  BACKGROUND**

This case arises out of an automobile accident that occurred on September 13, 2012. (Rec. Doc. 1 at 1). Plaintiff Catherine Robin claims that she was stopped at a traffic light when she was struck from behind by another driver, Jill Mathies. (Rec. Doc. 1 at 2). Robin settled her claims against Mathies and Mathies's insurer for the liability policy limits. (Rec. Doc. 1 at 3). Robin brought the current lawsuit against her own insurance company, which she alleges insured her for underinsured motorist's liability. (Rec. Doc. 1 at 1). She is asking to be compensated for past and future physical pain, mental anguish, medical expenses, loss of enjoyment of life, and past and future impairment to earning capacity. (Rec. Doc. 1 at 2). In addition, she claims that she is entitled to damages, penalties, and attorneys' fees because Chartis has violated the obligations imposed by La. R.S. §22:1973 and La. R.S. §22:1892. (Rec. Doc. 1 at 3).

Chartis filed an answer in which it denied all liability and asserted various affirmative

1

defenses.  (Rec. Doc. 6).  Chartis admits that it issued an auto liability policy of insurance and an excess liability policy of insurance to "John Robin and Mary Robin" and claims that these policies are the best evidence of their contents.  (Rec. Doc. 6 at 2).  Chartis pleads certain exclusions that were contained in the insurance policy.  (Rec. Doc. 6 at 3).  Chartis further claims that at all times it "acted reasonably and in good faith in connection with the adjustment, consideration, evaluation and review of Petitioner's claims."  (Rec. Doc. 6 at 4).

## II.    PRESENT MOTION

Chartis filed the present Motion to Quash and for Protective Order.  (Rec. Doc. 23).  According to Chartis, Robin provided a 30(b)(6) Notice of Deposition with 20 areas of inquiry listed.  (Rec. Doc. 23-3).  Chartis takes issue with area of inquiry number 19, which reads "[t]he net profit of Chartis Insurance Company for the years 2004 through present.  Provide financial statements."  (Rec. Doc. 23-3 at 4).  Chartis argues that a response to this area of inquiry will require the production of thousands of pages of documents and several corporate representatives.  Chartis claims that the burden and expense associated with this area of inquiry outweighs the likely benefit.  (Rec. Doc. 23-1 at 4) (citing Federal Rule of Civil Procedure 26(b)(2)(c)).  Chartis argues that while La. R.S. §22:1973 and La. R.S. §22:1892 are "penal in nature," the defendant's net worth is not relevant to these statutes because the statutes provide a specific calculation for penalties.

Robin opposes the motion.  (Rec. Doc. 29).  Robin points out that this Court's Scheduling Order provided that all pretrial motions were to be filed in sufficient time to permit submission on May 7, 2014.  (Rec. Doc. 8).  The Scheduling Order also stated that all motions in violation of the Order would be waived unless good cause shown.  (Rec. Doc. 8).  Therefore, Robin argues

that the Motion to Quash and for Protective Order violates the Court's Order, as it was not submitted until May 21, 2014. (Rec. Doc. 29 at 4). As to the substance of the motion, Robin argues that a defendant's financial worth is "relevant, discoverable, and admissible at trial to evaluate a plaintiff's punitive damages claim." (Rec. Doc. 29 at 3) (citing *Singleton v. RPM Pizza, Inc.*, No. 03-2219, 2004 WL 169802 (E.D. La. Jan. 26, 2004)). Robin argues that because she is seeking penalties under La. R.S. §22:1973 and La. R.S. §22:1892, which are punitive in nature, she is entitled to discover Charits's net worth. (Rec. Doc. 29 at 3). Robin states that "if the jury decides that penalties are applicable, it should be aware of Chartis's net worth." (Rec. Doc. 29 at 3).

### III.    LAW & ANALYSIS

As an initial matter, the Court will consider the substance of this motion despite the fact that the motion was filed after the pretrial motion cutoff date. The Amended Notice of Rule 30(b)(6) Video/Telephonic Deposition of Chartis Property Casualty Company notices the deposition on May 13, 2014. (Rec. Doc. 23-3 at 1). This date is after the deposition cutoff date provided by the Scheduling Order. (Rec. Doc. 8 at 1). The Court finds that Chartis had good cause for its delay in filing this motion and that the motion was timely in light of the date of the deposition.

Federal Rule of Civil Procedure 26(b)(2)(c) provides that "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ." This Court has discretion to limit the scope of discovery. *See Gulf Production Co., Inc. v. Hoover Oilfield Supply, Inc.*, 2011 WL 1791286 *2 (E.D. La. May 9, 2011) (quoting

*Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994)).

The Court finds that area of inquiry 19 imposes a burden on Chartis that far outweighs the inquiry's likely benefit. As Chartis points out, it would be required to produce extensive documents and representatives to respond to this area of inquiry. Yet, the Court does not find that it will produce any benefit. Robin cites several cases for the proposition that a defendant's net worth is relevant, discoverable and admissible "for the purpose of evaluating the amount of punitive damages that should be awarded." (Rec. Doc. 29 at 3) (citing *City of Newport v. Fact. Concerts, Inc.*, 453 U.S. 247, 270 (1981); *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990)). Because punitive damages are meant to punish the defendant, the defendant's financial resources are relevant in determining what amount would serve as an adequate punishment. In this case, however, Robin's only claims for punitive damages involve La. R.S. §22:1973 and La. R.S. §22:1892. These statutes allow a plaintiff to recover penalties from an insurer when the insurer fails to properly adjust the plaintiff's claim timely and in good faith. However, these statutes provide a formula for the calculation of these penalties. La. R.S. §22:1973(C) provides that "the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. §22:1892(B)(1) provides that an insurer's arbitrary and capricious failure to adjust a claim "shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater . . . ." Because these statutes detail the amount of penalties that are available and appropriate, and bear no relationship to the insurer's assets, Chartis's net worth is not relevant and will not be helpful if the jury decides that penalties

are appropriate.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Chartis's Motion to Quash or for Protective Order, (Rec. Doc. 23), is hereby **GRANTED**.

New Orleans, Louisiana, this 14th day of May, 2014.

_____
UNITED STATES DISTRICT COURT JUDGE