UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CATHERINE M. ROBIN** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **No. 13-4807** |
| | * | |
| **CHARTIS PROPERTY CASUALTY CO.** | * | **SECTION "L" (4)** |

**ORDER & REASONS**

Before the Court is a Motion to Bifurcate, (Rec. Doc. 22), filed by Defendant Chartis Property Casualty Company ("Chartis"). The Court reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.   BACKGROUND**

This case arises out of an automobile accident that occurred on September 13, 2012. (Rec. Doc. 1 at 1). Plaintiff Catherine Robin claims that she was stopped at a traffic light when she was struck from behind by another driver, Jill Mathies. (Rec. Doc. 1 at 2). Robin settled her claims against Mathies and Mathies's insurer for the liability policy limits. (Rec. Doc. 1 at 3). Robin brought the current lawsuit against her own insurance company, which she alleges insured her for underinsured motorist's liability. (Rec. Doc. 1 at 1). She is asking to be compensated for past and future physical pain, mental anguish, medical expenses, loss of enjoyment of life, and past and future impairment to earning capacity. (Rec. Doc. 1 at 2). In addition, she claims that she is entitled to damages, penalties, and attorneys' fees because Chartis has violated the obligations imposed by La. R.S. §22:1973 and La. R.S. §22:1892. (Rec. Doc. 1 at 3).

Chartis filed an answer in which it denied all liability and asserted various affirmative

defenses.  (Rec. Doc. 6).  Chartis admits that it issued an auto liability policy of insurance and an excess liability policy of insurance to "John Robin and Mary Robin" and claims that these policies are the best evidence of their contents.  (Rec. Doc. 6 at 2).  Chartis pleads certain exclusions that were contained in the insurance policy.  (Rec. Doc. 6 at 3).  Chartis further claims that at all times it "acted reasonably and in good faith in connection with the adjustment, consideration, evaluation and review of Petitioner's claims."  (Rec. Doc. 6 at 4).

## II.     PRESENT MOTION

Chartis filed the present Motion to Bifurcate.  (Rec. Doc. 22).  Chartis explains that this Court is given great discretion in determining whether to bifurcate a trial pursuant to Federal Rule of Civil Procedure 42.  Chartis asks this Court to bifurcate the trial in this matter and to hold two separate trials, one regarding the issue of quantum and one regarding the issue of bad faith penalties and fees.  (Rec. Doc. 22-1 at 1).  Chartis argues that these issues are very different and distinct and, accordingly, involve different documents and witnesses.  Chartis claims that a joint trial on these separate issues would result in prejudice to Chartis, because evidence of alleged arbitrary and capricious conduct will taint the jury's opinion.  (Rec. Doc. 22-1 at 4).  Chartis claims that presentation of evidence on both issues will confuse the jury.  (Rec. Doc. 22-1 at 4).  Chartis further argues that bifurcation would be in the interest of judicial economy.  Chartis reasons that if the jury finds that Robin is not entitled to any damages, then the issue of Chartis's alleged bad faith does not have to be tried at all.  (Rec. Doc. 22-1 at 4).

Robin opposes the motion.  (Rec. Doc. 27).  Robin agrees that this Court has discretion to bifurcate the trial, pursuant to Rule 42.  However, Robin emphasizes that "separate trials should be the exception, not the rule."  (Rec. Doc. 27 at 3) (citing *Laitram Corp. v. Hewlett-Packard*

*Co.*, 791 F.Supp. 113, 114 (E.D. La. 1992)).  Robin cites other cases from this court in which the court has refused to bifurcate similar issues.  (Rec. Doc. 27 at 3-4) (citing *Ferguson v. State Farm Ins. Co.*, 2007 WL 102127 *1, 06-3936 (E.D. La. 1/9/07); *Peace Lake Towers, Inc v. Indian Harbor Ins. Co.*, 2007 WL 925845 *3, 06-4522, 06-5136 (E.D. La. 3/23/07)).  Robin argues that any prejudice that Chartis might face can be cured by an instruction to the jury.  (Rec. Doc. 27 at 4).  Last, Robin argues that the interest of judicial economy will not be served by bifurcation.  Robin explains that she plans to call only one witness to address the issues of bad faith–Chartis's designated representative.  Robin points out that this same witness will have to testify regarding issues of liability and quantum.  Therefore, Robin claims that separate trials would result in this witness testifying twice.  (Rec. Doc. 27 at 5).

**III.    LAW & ANALYSIS**

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  The decision to bifurcate "is a matter within the sole discretion of the trial court."  *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994) (quoting *First Tex. Sav. Ass'n Reliance Ins. Co.*, 950 F.2d 1171, 1174 n. 2 (5th Cir. 1992)).

In similar cases, this court has previously refused to bifurcate claims regarding insurance coverage and bad-faith denial of coverage.  *See Ferguson*, 2007 WL 102127; *Peace Lake Towers*, 2007 WL 925845.  While the court may have been partially motivated by a desire to preserve judicial resources after Hurricane Katrina, the court's analysis in those cases is just as applicable in the present case.  The court in *Peace Lake Towers, Inc. v. Indian Harbor Ins. Co.*

3

explained that evidence pertaining to each issue–the coverage issue and the claims handling issue–was necessarily interwoven. 2007 WL 925845 *3. Furthermore, the court found that "[a]ny prejudice to [the insurance company] that could result from the joint trial of the claims of coverage and bad faith can be cured by appropriate instructions to the jury." *Id.* In *Ferguson v. State Farm Ins. Co.*, the court explained that "[i]t was not this Court's custom to order bifurcation in such insurance cases before the storm . . . ." 2007 WL 102127 *1. The court stated that the possible prejudice to the defendant "would not be substantial enough to warrant separate trials and would not be judiciously expeditious or serve economical [interests]." *Id.*

    Like in those cases, in the present case it would not promote judicial economy to bifurcate the trial. In her opposition to this motion, Robin explains that she only plans to call one witness to testify about Chartis's handling of her insurance claim, Chartis's corporate representative. Therefore, the Court would have to expend time and resources in order to empanel a second jury and hold a second trial only to have one witness testify at that trial. The fact that the issues of quantum and bad faith penalties and fees are interwoven only cuts against Chartis's argument that bifurcation would serve the interest of judicial economy. Because Chartis's corporate representative will also be called to testify regarding issues of liability and quantum, bifurcation would require this witness to come to court and testify twice. Furthermore, any prejudice to Chartis would not be enough to warrant separate trials and could be cured by a proper instruction to the jury. This Court is confident that a jury will be able to separate the issues and analyze them as necessary.

**IV.    CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Chartis's Motion to Bifurcate, (Rec. Doc. 22), is hereby **DENIED**.

New Orleans, Louisiana, this 14th day of May, 2014.

_____
UNITED STATES DISTRICT COURT JUDGE